IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY

JUNE TERM, 1920.

---

THOMAS L. CRAWFORD, PLAINTIFF, v. AMOS G. VAN-GAASBEEK, DEFENDANT.

Submitted July 1, 1920—Decided November 3, 1920.

Where a person sold his business of purchasing and acquiring oriental rugs and carpets to a corporation in which he was the moving spirit in bringing about its formation, and the sale was an honest one and for a full consideration, the seller receiving stock of the corporation for the purchase price, such sale vested in the corporation the absolute ownership and control of the business and stripped the seller of all interest therein, except as a stockholder of the corporation.

---

On defendant's rule to show cause.

Before Gummere, Chief Justice, and Justices Bergen and Katzenbach.

For the rule, *William A. Calhoun* and *Frank E. Bradner.*

*Contra, Arthur H. Mitchell* and *Ralph E. Lum.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover compensation for the breach of a contract entered into by the parties to this litigation, relating to the establishment and development in the Kingdom of Persia of the business of purchasing and acquiring oriental rugs and carpets. By the terms of the contract the plaintiff was to act as the agent of the defendant in the establishment and development of this branch of the defendant's business; and in case it should turn out to be profitable the parties were to share equally. This provision of the contract as testified to by the plaintiff was thus expressed by the defendant: "If you decide to go we will go halves on the Persian end of it;" and, again, "If you will decide to go I will go halves on the Persian end of it if we make a success of it."

The case of the plaintiff was that he established this business in Persia and adjacent territory and developed it so that it became successful. His claim is that by doing so he became entitled to one-half of the profit earned, and to one-half of the value of the business in case it should be sold.

This is the second trial of the case, and the making of the contract in accordance with the plaintiff's averments has been established by both verdicts. This being so we consider that we should accept that factor of the case as settled.

At the first trial there was a verdict in favor of the plaintiff for $108,000. This verdict was set aside by the court because certain material elements were not taken into consideration by the jury in reaching its conclusion. The present verdict is for $99,428.62. The question now before us is whether this latter award is manifestly excessive.

The situation with relation to this business, as exhibited by the proofs, is as follows: A year or more after it had been established, and, apparently, had become successful, and after the plaintiff had returned to this country, the defendant entered into an agreement with a corporation of the State of New York, known as the Eastern Rug and Trading Company, by which, after reciting that he had established and was car-

rying on a business in Persia for the purchase, shipment and sale in New York of Persian rugs, he agreed to sell and transfer to the rug company, and the latter agreed to purchase, all his interest in the business, with its good-will, together with a considerable amount of personal property in the shape of rugs already purchased in Persia, some of which were in transit, and others already received at his place of business in New York; also all the cash capital invested in the business; the purchase price to be $95,900, to be paid in the stock of the rug company at par. This agreement was approved by the rug company by the vote of its directors and duly executed by both parties. The plaintiff, Crawford, was one of the directors and voted to make the purchase. By virtue of this sale, as it seems to us, the defendant became the holder of this stock, so far as it represented the value of the business established by the plaintiff, for himself and the plaintiff in equal shares. So much of the stock as represented the purchase price of tangible property—that is, the rugs and cash capital invested by the defendant in the business, belonged exclusively to him, the plaintiff having no interest therein.

Some years later the defendant sold to a corporation, known as the Oriental Carpet Company, all of the stock which he had received as the purchase price of the sale to the Eastern Rug Company, together with a very large block of the latter company's stock which he had subsequently acquired. This sale of stock to the Oriental Carpet Manufacturers included that which he still held in trust for the plaintiff. The purchase price paid for this stock appears to have been $183.33 per share.

On the facts above recited the rights of the plaintiff against the defendant, in our opinion, are as follows: He is entitled to one-half of the net profits of the business established by him for the defendant in Persia up to the time of the sale to the Eastern Rug and Trading Company. He is also entitled to the dividends, either cash or stock, which were paid to the defendant by the company on account of the shares which the defendant held in trust for him, as above indicated. He is

also entitled to the purchase-money received by the defendant from the Oriental Carpet Manufacturers for the stock held by the defendant in trust for him. He is also entitled to interest on these amounts.

It is urged that the basis of compensation we have indicated overlooks the fact that the defendant was the moving spirit in bringing about the incorporation and organization of the Eastern Rug Company, and his declaration that his purpose in doing this was to have the corporation act for him in conducting the eastern end of his business. But, assuming that such was his purpose, it failed of accomplishment; for, as the Eastern Rug Company was admittedly a *bona fide* corporation, and the transfer to it by the defendant, already referred to, was an honest one, and for a full consideration (as the approval of the transaction by the plaintiff indicates) it vested in the company the absolute ownership and control of the business, and stripped the defendant of all interest therein, except as a stockholder of the corporation. The fact that he owned a controlling interest in the stock of the concern did not operate to deprive the corporation in any degree of its complete ownership of the business, or control over it, or to clothe him with any rights therein as an individual. It seems clear to us, therefore, that the facts appealed to have no relevancy in determining the principle governing in the admeasurement of the damages.

We have not attempted, unaided, to make any ascertainment of what the amount of the plaintiff's recovery would be on the basis which we have indicated, except to the extent that was necessary in order to determine whether the verdict now under review is excessive. That it is grossly so seems to us to be obvious, and for this reason the rule to show cause must be made absolute. The new trial, however, will be limited to the matter of damages, as the making of the contract, as well as its terms, has been satisfactorily established by the two concurring verdicts.